IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DWAYNE GRIFFIN, Inmate #N-03392,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**ROD R. BLAGOJEVICH, ROGER E.** )<br>**WALKER, JR., TOM W. WEGER, JUDY** )<br>**NASH, STEVE CRUMRIN, APRIL** )<br>**WAMDLER, RON SUTTON, C/O** )<br>**MICHL, C/O BUNTEN, C/O CUTRIGHT,** )<br>**S. PARKER, C/O DECKER, C/O HANCE,** )<br>**C/O MYERS, C/O DIRICE and** )<br>**KATHLEEN STAFF,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-315-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff complains that while he was in the Robinson Correctional Center, several pieces of his incoming legal mail were opened outside of his presence, in violation of I.D.O.C. rules and his constitutional rights.[1]

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe*, 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

*Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). However, the inadvertent or negligent opening of an occasional legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F.Supp. 733 (E.D. Va. 1990). Furthermore, "merely alleging an isolated delay or some other relatively short-term . . . disruption in the delivery of inmate reading materials will not support . . . a cause of action grounded upon the First Amendment." *Rowe*, 196 F.3d at 782. In this case, Plaintiff has not alleged that he was harmed in any way by the inadvertent opening of three pieces of his mail from the appellate defenders' office, or one piece of mail from a law firm. Thus, no constitutional

---

[1] Plaintiff makes no allegation that any of the named Defendants were actively involved in opening his mail. Rather, he merely alleges the identity of the person who delivered each piece of mail to him after it had already been opened.

violation occurred.

The remaining specific incidents listed in the complaint involve mail from a court clerk, be it from a federal court or a state court. With this type of mail, the Seventh Circuit has reasoned that

> with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files. It is therefore not apparent to us why it should be regarded as privileged and how [the plaintiff] could be hurt if the defendant read these documents before or after [the plaintiff] does.

*Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987). Therefore, Plaintiff's rights are not violated when official court mail is opened outside his presence. *See also Stone-El v. Fairman*, 785 F.Supp. 711, 715-16 (N.D. Ill. 1991).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are **MOOT**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 8th day of August, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**